**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARYPAT BELL,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., d/b/a WALGREENS STORE #15777; MIRANDA LYONS; and JOHN DOE COMPANY,<br><br>Defendants. | ) | Case No. 26-cv-00088-SH |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion to remand, asserting that the forum-defendant rule prohibited removal in this case.[1] The forum-defendant rule does not apply to a "Doe" defendant who has not been served, and there are no exceptions preventing removal in these circumstances. The motion to remand will be denied.

***Background***

In August 2023, Plaintiff MaryPat Bell ("Bell") allegedly tripped and fell at a store belonging to Defendant Walgreen Co. d/b/a Walgreens Store #15777 ("Walgreens") in Tulsa, Oklahoma. (Dkt. No. 2-1 ¶¶ 6–7, 9.) Two years later, on August 12, 2025, she filed suit in Oklahoma state court, asserting claims against Walgreens, "John Doe Manager," and "Joe Doe Company." (Dkt. No. 2-1.) Bell is a citizen of Nebraska, while Walgreens is a citizen of Delaware and Illinois. (*Id.* ¶ 2; Dkt. No. 2 ¶¶ 2–3; *see also* Dkt. Nos. 9, 10.) Bell alleged that "John Doe Manager is currently an unidentified individual, believed to be the general manager" of the Tulsa Walgreens store, while "John Doe Company is a

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (Dkt. No. 7 at 2; Dkt. No. 18.)

currently unidentified business entity believed to be the distributor of the unguarded pallet of water" on which Bell tripped. (Dkt. No. 2-1 ¶¶ 4–5.) Bell sought over $75,000 in damages. (*See, e.g.*, *id.* ¶ 20.) The case was therefore one over which federal district courts have original jurisdiction and that, in certain circumstances, can be removed from state to federal court. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).

Bell served Walgreens with the lawsuit on January 27, 2026 (Dkt. No. 2-2), and Walgreens removed to federal court 22 days later (Dkt. No. 2). There was complete diversity between the named plaintiff (a citizen of Nebraska) and the named defendant (a citizen of Delaware and Illinois). In its notice of removal, Walgreens also noted that John Doe Manager was believed to be a citizen of Oklahoma, while John Doe Company was believed to be wholly owned and/or operated by Walgreens. (Dkt. No. 2 ¶¶ 4–5.)

After Walgreens removed and answered, Bell filed an unopposed amended complaint, substituting Defendant Miranda Lyons ("Lyons") for previous defendant John Doe Manager. (Dkt. No. 14 ¶ 4 & n.1.) Bell filed the amended complaint 38 days after serving Walgreens, and eight days after Walgreens' deadline to remove. *See* 28 U.S.C. § 1446(b)(1). Lyons waived service of process on March 13, 2026, and appeared in the litigation on May 5, 2026. (Dkt. Nos. 17, 28.) Lyons is a citizen of Oklahoma. (Dkt. No. 14 ¶ 4; *see also* Dkt. No. 30.) There remains complete diversity between Plaintiff (a Nebraska citizen) and all currently named Defendants (citizens of Delaware, Illinois, and Oklahoma).

Immediately after filing her amended complaint, Bell moved to remand this case to state court, arguing Walgreens should not be allowed to conduct a "snap removal" before Bell had a "reasonable opportunity" to serve the forum state defendant. (Dkt. No.

15.) Bell has also recently moved for leave to file a notice of supplemental authority. (Dkt. No. 36.)

## *Analysis*

### I. Bell's Notice of Supplemental Authority

The Court will deny Bell's motion for leave to file a "Notice of Supplemental Authority." The motion does not seek to inform the Court of authorities that have been decided after remand was briefed but, instead, seeks to file a supplemental brief under LCvR 7-1(c). (*See* Dkt. No. 36 at 1.[2]) Under the local rules, supplemental briefs are not encouraged. *See* LCvR 7-1(f). Bell wants to brief the "relevant holdings of" a 2008 Tenth Circuit case "and their application to the procedural posture already presented" in her briefing. (Dkt. No. 36 at 1.) The 2008 case, *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), was already mentioned in the briefing by Walgreens. (Dkt. No. 21 at 4.) Having reviewed the case, the Court sees no need for any additional briefing.

### II. The Court Has Subject-Matter Jurisdiction

The entirety of Bell's argument is that Walgreens failed to comply with the forum-defendant rule of 28 U.S.C. § 1441(b)(2). (Dkt. No. 15 at 3–7.) At times, Bell appears to assert that this is a matter of subject-matter jurisdiction. (*Id.* at 4 ("A snap removal with a forum defendant does not vest this court with jurisdiction."); Dkt. No. 27 at 2 ("Walgreens' attempt to cabin the analysis to the time of removal ignores that § 1447(c) directs remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'").) The Tenth Circuit has held that a prior version of the forum-defendant rule was waivable, *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1093

[2] Page numbers refer to those in the court-provided header.

(10th Cir. 1970), and a more recent panel of the Tenth Circuit has agreed that the current form of the rule is procedural and not jurisdictional, *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 366 (10th Cir. 2017).[3] Whatever the purported defect in Walgreens' removal, it does not affect this court's subject-matter jurisdiction.

## III. Walgreens Did Not Violate the Forum-Defendant Rule

Walgreens did not violate the forum-defendant rule, because (1) the Court ignores the citizenship of any defendant sued under a fictitious name and, arguably, such defendant is not "properly joined"; (2) Bell had not served the forum defendant; and (3) the Court rejects any judicially crafted exceptions to the plain language of § 1441 and, in any event, no "snap removal" occurred here.

### A. The Citizenship of a "Doe" Defendant Is Irrelevant to Determining Whether a Case Is Removable

The forum-defendant rule provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Immediately preceding this stricture, the statute provides an additional instruction to be used in "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title"—"the citizenship of defendants sued under fictitious names shall be disregarded." *Id.* § 1441(b)(1). Walgreens argues subsection (b)(1) applies here. (Dkt. No. 21 at 4.)

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

Generally, courts apply § 1441(b)(1) to ignore "Doe" defendants when deciding whether there is complete diversity between the parties. *See, e.g., Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006). Plaintiff has not provided an argument for why § 1441(b)(1) should not also apply when deciding whether there is a forum-citizen defendant that defeats removability.

Consider, for a moment, a scenario where Plaintiff Bell was a citizen of Oklahoma. Under *Australian Gold*, the Court would apply § 1441(b)(1); would ignore the anticipated Oklahoma citizenship of John Doe Manager; and would find there was complete diversity. Under Bell's reading of the statute, however, the Court would then consider the previously ignored citizenship of Doe under (b)(2) and find the forum-defendant rule applicable. A more sensible reading of the statute is that the citizenship of fictitious defendants is disregarded when determining the removability of a diversity action, whether in deciding complete diversity or applying the forum-defendant rule.

Continuing with this scenario further raises a question of whether John Doe Manager was a party "properly joined." Again, assume Bell was an Oklahoma resident and assume that, after removal, Bell discovered Defendant Lyons was the "John Doe Manager" and was—like her—a citizen of Oklahoma. Then, after removal, Bell wanted to amend her complaint to substitute Lyons for Doe. As the Tenth Circuit explained in *McPhail*, this does not automatically result in remand. Instead, the substitution of Lyons for Doe would be treated as an attempt to join an additional defendant who would destroy subject-matter jurisdiction under 28 U.S.C. § 1447(e), and joinder could potentially be denied. *See* 529 F.3d at 951–52. That is, Lyons was not truly "joined" to the case until after removal, and her citizenship cannot be considered as one of the "parties in interest properly joined and served as defendants" under § 1441(b)(2). *See also Leahy v. Omni*

*Hotels Mgmt. Corp.*, 560 F. Supp. 3d 496, 498 (D.N.H. 2021) (finding "Jane Doe" forum defendant who was identified after removal "had been neither joined nor served at the time of removal").

### B. John Doe Manager Was Not Served at the Time of Removal

In any event, it is undisputed that Bell had not served "John Doe Manager" or Lyons before removal and that the only served party was Walgreens, who is not a citizen of Oklahoma. As such, none of the "parties . . . served as defendants is a citizen of the State in which [the] action is brought," and the plain language of § 1441(b)(2) allows removal.

### C. The "Snap Removal" Exception Is Not Found in the Statute and Would Not Apply Here

To avoid the plain language of § 1441(b)(2), Bell argues the Court should apply a judicially crafted exception that disfavors "snap removal." (Dkt. No. 15 at 4–7.) Under this exception, the Court would prohibit removal "if the plaintiff has not had a reasonable opportunity to serve the forum-state defendant before removal." *McCoy v. Garcia*, No. 22-CV-361-TCK-JFJ, 2023 WL 6535340, at *4 (N.D. Okla. Mar. 3, 2023). At least three circuits have found that snap removals do not justify departure from the plain text of § 1441(b)(2).[4] *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir.

---

[4] Bell argues that the Tenth Circuit generally rejected snap removals in *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754 (10th Cir. 2021), as violating the spirit of removal jurisdiction. The panel in *Ross Dress for Less* did not comment on the propriety of snap removal. Instead, the Court found that—regardless of service—the parties were not diverse and the Court lacked subject-matter jurisdiction. *Id.* at 759. *Ross Dress for Less* does not apply in this case, where there was complete diversity between Plaintiff and all Defendants, served or unserved.

2018). The Court finds these circuit cases persuasive and rules that the alleged snap removal made in this case is not prohibited under the plain language § 1441(b)(2). The Court, therefore, rejects the contrary authority cited by Plaintiff Bell. *See McCoy*, 2023 WL 6535340, at *4; *Woods v. Dr Pepper Snapple Grp., Inc.*, No. CIV-19-1162-F, 2020 WL 917284, at *3–5 (W.D. Okla. Feb. 26, 2020).

Even if the Court chose to adopt the "snap removal" exception, it would not apply here. Some have opined that Congress enacted the "properly joined and served" language in the forum-defendant rule "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Encompass*, 902 F.3d at 153 (citation modified) (noting the "legislative history provides no guidance"); *see also Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257, 1260 (N.D. Okla. 2017) (rejecting as "uncertain" the idea that the "properly joined and served" language was added solely to prevent gamesmanship). Courts that embrace the "snap removal" exception consider it an "absurd" result to allow removal where a defendant clearly intends to serve and proceed against the forum defendant, but removal occurs "before plaintiff has had a reasonable opportunity to serve" that defendant. *See, e.g., Dr Pepper Snapple Grp.*, 2020 WL 917284, at *3.

Here, in the two years between the alleged incident and filing suit, Plaintiff Bell failed to identify the store manager she hoped to sue. Bell then waited another five-plus months to serve Defendant Walgreens. (Dkt. No. 2 at 1 ¶ 1.). Bell has made it clear that she had no intention of proceeding against the unnamed store manager until, at best, sometime after the litigation had already proceeded to discovery on the merits—noting she planned to wait for "discovery" to reveal the manager's identity, (Dkt. No. 2-1 ¶ 4), and she in fact relied on Defendant Walgreens to identify the manager rather than

conducting her own investigation (Dkt. No. 15 at 6 ("it is undisputed that Plaintiff was not made aware of the Defendant John Doe Manager's identity before removal occurred")).

Two years after the underlying incident, five-plus months after the lawsuit was filed, and 22 days after it was served, Walgreens removed to federal court. There is no basis to believe that the last eight days available for removal would have been enough for Plaintiff to identify and serve the missing defendant. It was not Walgreens' removal that deprived Bell of a "reasonable opportunity to serve" the store manager.

### ***Conclusion***

Defendant Walgreens properly removed this case, and no exceptions to removal applied.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Leave to File Notice of Supplemental Authority in Support of Remand* (Dkt. No. 36) is DENIED and *Plaintiffs' Motion to Remand* (Dkt. No. 15) is DENIED.

ORDERED this 4th day of November, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT